# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

KHARI VARNER,[1]

    Plaintiff

v.

CLARK COUNTY DEPARTMENT OF
FAMILY SERVICES, et al.,

    Defendants

Case No.: 2:25-cv-00646-APG-MDC

**Order Denying Motion for Temporary
Restraining Order**

[ECF No. 2]

Plaintiff Khari Varner moves for a temporary restraining order seeking to enjoin Clark County Family Court Judge Margaret Pickard from presiding over a hearing to terminate Varner's parental rights "until the constitutional violations alleged in [Varner's complaint in this case] are resolved." ECF No. 2.  I deny the motion for several reasons.

Varner did not comply with Local Rule 7-4 regarding emergency motions.  Although Varner generally describes the "nature of the emergency" in terms of potential loss of parental rights, he does not state when the hearing he seeks to enjoin is scheduled to occur. LR 7-4(a)(1).  He thus has not shown that emergency relief is needed.  Nor has he shown that such relief is needed without notice to the defendants and an opportunity for them to respond.  He has not shown that he served any of them.  He does not certify that he met and conferred to resolve the dispute without court action, that he notified the affected people or entities, or that the nature of the emergency precluded a meet and confer. LR 7-4(a)(3).  And he does not provide the address and telephone numbers of all affected parties. LR 7-4(a)(2).

---

[1] The complaint lists minors K.L.V., K.V., and N.V. as plaintiffs. ECF No. 1.  However, "a parent may not proceed pro se on [his] children's behalf." *Grizzell v. San Elijo Elementary Sch.*, 110 F.4th 1177, 1181 (9th Cir. 2024).

Further, to qualify for a temporary restraining order, a plaintiff must demonstrate: (1) a likelihood of success on the merits, (2) a likelihood of irreparable harm, (3) the balance of hardships favors the plaintiff, and (4) an injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).  Alternatively, under the sliding scale approach, the plaintiff must demonstrate (1) serious questions on the merits, (2) a likelihood of irreparable harm, (3) the balance of hardships tips sharply in the plaintiff's favor, and (4) an injunction is in the public interest. *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011).

Varner does not present any evidence, so he has not shown a likelihood of success on the merits.  Additionally, the person he seeks to enjoin (Judge Pickard) is not a party to this case.

I THEREFORE ORDER that plaintiff Khari Varner's motion for temporary restraining order **(ECF No. 2) is DENIED without prejudice**.

DATED this 14th day of April, 2025.

_____
ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE