## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| Khari Varner, et al.,<br><br>                    Plaintiffs,<br><br>vs.<br><br><br>Clark County Department of Family Services, et al.,<br><br>                    Defendants. | 2:25-cv-00646-APG-MDC<br><br>**ORDER GRANTING CLARK COUNTY'S MOTION TO QUASH (*ECF NO. 12*)** |

**I.       Introduction.**

          Defendant Clark County ("Clark County") specially appears to file a *Motion to Quash*. *ECF No. 12* ("Motion"). Clark County notes that plaintiff sued Teresa Tibbs, Yerie Williams, Essence Lino, Brian White, Adrian Smith, and Brianaa Combs and the Clark County's Department of Family Services ("DFS") and Child Protective Services ("DPS"). *See ECF No. 12* at 2-3; *see ECF No. 1*. The individuals sued are also sued as agents of DFS. Clark County claims several defects in how plaintiff attempted to serve individual and state government defendants. *See ECF No. 12*. Plaintiff did not file a response. The Court agrees with Clark County, and GRANTS the Motion for the reasons set forth below.

**II.      Analysis**

          **A.       Legal Standard**

          Under Federal Rule of Civil Procedure 4, "the plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m)[.]" A federal court lacks personal jurisdiction over a defendant until the defendant is served under Federal Rule of Civil Procedure 4. *Direct Mail Specialists v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 688 (9th Cir.1988). The burden of establishing proper service of process rests on the plaintiff. *Brockmeyer*

*v. May*, 383 F.3d 798, 801 (9th Cir.2004). Actual notice does not subject a defendant to personal jurisdiction, "if service was not made in **substantial compliance** with Rule 4." *Crowley v. Bannister*, 734 F.3d 967, 975 (9th Cir. 2013) (emphasis added).

　　　Under Rule 4(e), service to individuals can be done by:

> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
> (2) doing any of the following:
> 　　(A) delivering a copy of the summons and of the complaint to the individual personally;
> 　　(B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
> 　　(C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Nevada state rules for serving individuals are similar the federal rule requirements. *See* Nev. R. Civ. P. 4.2(a).[1]

　　　Under Federal Rule of Civil Procedure 4(j), service to a state or local government entity can be done by: "(A) delivering a copy of the summons and of the complaint to its chief executive officer; or (B) serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant." In Nevada state rules, a state government subdivision "must be served by delivering a copy of the summons and complaint to

---

[1]

> (a) Serving an Individual. Unless otherwise provided by these rules, service may be made on an individual:
> (1) by delivering a copy of the summons and complaint to the individual personally;
> (2) by leaving a copy of the summons and complaint at the individual's dwelling or usual place of abode with a person of suitable age and discretion who currently resides therein and is not an adverse party to the individual being served; or
> (3) by delivering a copy of the summons and complaint to an agent authorized by appointment or by law to receive service of process.

the presiding officer of the governing body of the political subdivision, or an agent designated by the presiding officer to receive service of process." *See* Nev. R. Civ. P. 4.2(d)(3).

**B.    Service to Individual Defendants as Individuals did not Substantially Comply Federal or State Rules**

Clark County argues that plaintiff's attempted service to individual defendants did not comply Federal Rule of Civil Procedure 4(e). *See ECF No. 12* at 3-5. The Court agrees. In her *Proof of Service*, plaintiff did not send attempt to give service individually to defendants Yerie Williams, Brian White, or Brianaa Combs. *See ECF No. 8*. Plaintiff only sent certified mail service to defendants Teresa Tibbs, Essence Lino, and Adrian Smith to the work office they work at, not to them or an agent personally, or with someone of suitable age at their personal residence or abode. *See id*; *see also Bd. of Tr. of Glazing Health and Welfare Fund v. Z-Glass, Inc.*, No. 2:17-cv-01638-JAD-NJK, 2018 WL 4053320 at *7 (granting a Motion to Quash because plaintiff's attempted service to defendant's personal residence or usual place of abode was not clearly to an address that was the defendant's personal residence).[2]

Clark County specially appearing to file this Motion does not waive their, or any of the defendants', right to challenge service of process. Federal Rule of Civil Procedure 12(b)(5) allows a defendant to present a defense for the "insufficient service of process." A defendant waives this defense only if the defendant fails to assert the defense in a responsive pleading or in the defendant's first Rule 12(b) motion. *See* Fed.R.Civ.P. 12(h); *see also Schnabel v. Lui*, 302 F.3d 1023, 1033 (9th Cir.2002). Therefore, service to these individual defendants did not substantially comply federal or state rules and Clark County has the right to move to quash plaintiff's attempted service of process.

---

[2] While Nev. R. Civ. P. 4.4(b) provides for alternative service methods, plaintiff must file a motion and show that providing service under Nev. R. Civ. P. 4.2 is impracticable and that plaintiff conducted due diligence to locate and properly service the defendant(s). No motion or showing of due diligence was demonstrated by plaintiff here.

### C.    Service to County Government Subdivisions and Agents did not Substantially Comply Federal or State Rules

Clark County argues that plaintiff's attempted service to DFS, DPS, and individual defendants in their official capacity as agents of DFS did not comply Federal Rule of Civil Procedure 4(j) and Nevada law. *See ECF No. 12* at 5-6. The Court agrees. As Clark County notes, plaintiff sent certified mail to some of the caseworkers at the DFS and to the Federal Court and Services Center building. Plaintiff did not address the mail to any officer of the DFS or DPS, or to any designated agent. *ECF No. 12* at 6; *see ECF No. 8*. Therefore, service to these county government subdivisions and its agents did not substantially comply federal or state rules.[3] *See Uranga v. Adams*, No. 3:10-cv-00014-RCJ-RAM, 2011 WL 147909, at *4 (D. Nev. Jan. 14, 2011) ("A state-created governmental organization **must be served** by service on the chief executive officer (the governor) or by the manner prescribed by state law for serving such a defendant.") (emphasis added). As stated above, Clark County specially appearing to file this Motion also does not waive their, or any of the defendants', right to challenge service of process.

### D.    Plaintiff Did Not Oppose Defendants' Motion

The plaintiff did not file a response to defendants' Motion. Per Local Rule 7-2(d), the Court deems plaintiff's failure to respond to defendants' Motion as her consent to the Court granting the Motion. *Id.*[4]

//

//

//

//

---

[3] Clark County also notes that county government subdivisions may be immune from suit, pursuant to 64 C.J.S. Municipal Corporations § 2195 (1950) and Nevada caselaw (*ECF No. 12* at 5), however the Court does not address that argument as service by plaintiff is otherwise defective.

[4] Local Rule 7-2(d) states in relevant part: "The failure of an opposing party to file points and authorities in response to any motion, except a motion under Fed. R. Civ. P. 56 or a motion for attorney's fees, constitutes a consent to the granting of the motion."

**III.    Conclusion**

Plaintiff's attempted service upon defendants did not substantially comply with Federal Rule of Civil Procedure 4 and related Nevada rules. By operation of LR 7-2(d), plaintiff also consented to defendants' Motion and quashing service. Therefore, the Court GRANTS the motion to quash service for all defendants: DFS, DPS, Teresa Tibbs, Yerie Williams, Essence Lino, Brian White, Adrian Smith, and Brianaa Combs. *See Direct Mail Specialists*, 840 F.2d at 688 ("A federal court does not have jurisdiction over a defendant unless the defendant has been served properly under Fed.R.Civ.P. 4.").

ACCORDINGLY

IT IS ORDERED that:

1.  Clark County's *Motion to Quash (ECF No. 12)* is **GRANTED**.

2.  Service upon all defendants in this case is **QUASHED**.

3.  The Clerk of Court is kindly directed to **STRIKE** the proof of service the plaintiff filed at *ECF No. 8*.

4.  Plaintiff must serve defendants within 90 days from the date of this order.

DATED this 2nd day of September 2025.

IT IS SO ORDERED.

_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge